ERIE COUNTY SAVINGS BANK v. CLYDE et al.

(Supreme Court, Appellate Division, Fourth Department.  July 6, 1905.)

TAXATION—TAX DEEDS—EFFECT.

> A tax deed from the Comptroller to the state, reciting a default in the payment of taxes, the giving of due notice, and the sale of the premises at public auction to satisfy the taxes and interest and charges, under Laws 1855, p. 790, c. 427, § 48, as amended, etc., and that the premises had not been redeemed within the time prescribed by law, vested in the state a prima facie title to the premises, which, if not overthrown, would destroy the lien of a prior mortgage, and the mortgagee could not question the title of a subsequent grantee of the state on the ground of such grantee's failure to complete his purchase.

Appeal from Equity Term, Erie County.

Action by the Erie County Savings Bank against William Clyde and others.  From a judgment for plaintiff, certain defendants appeal.  Reversed.

The action was commenced on the 13th day of April, 1896, to foreclose a mortgage bearing date the 10th day of January, 1869, executed by the defendant William Clyde, and delivered to the plaintiff, to secure the payment of $1,500 at the expiration of one year from date, according to the conditions of a bond bearing even date therewith, and upon which there was due and unpaid, of principal and interest, at the time of the trial, the sum of $1,480.90.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Edward R. Bosley, for appellants.
Samuel F. Moran, for respondent.

McLENNAN, P. J.  All the defendants made default, except the Erie Railroad Company, which answered, and alleged that by mesne conveyances executed subsequent to the mortgage in suit it acquired a right of way through the premises and other interests therein, and it asked that the mortgaged premises be sold in the inverse order of alienation, and it was so provided in the decree, practically with the consent of the plaintiff; and, except the defendants Schuster, who appeared and answered by alleging in substance that in 1882, by virtue of proceedings duly taken for the sale of the premises for the nonpayment of taxes assessed against them, the people of the state purchased the same, and that, it not having been redeemed, the Comptroller, in accordance with the provisions of the statute, duly executed a deed of the same to the people of the state, which vested in it the absolute title thereto, and which was paramount to any interest of the plaintiff, or title of the mortgagor or his grantees.  Such defendants also alleged that in the year 1888 one Barbara Schuster, now deceased, the wife of the defendant Casper Schuster, and the mother of the other defendants Schuster, purchased the premises from the state, received a certificate evidencing that fact, and entered into possession of the same thereunder, and that the appellants were in possession as the heirs and next of kin of said Barbara Schuster, deceased, and, as such, claimed

to own the same; and such defendants urged that their rights as between them and the state could not be determined in this action, and therefore asked that the complaint, as to them, be dismissed, with costs.

It appears without contradiction that on the 31st day of October, 1884, the Comptroller of the state of New York conveyed the premises in question to the people of the state of New York by deed duly executed that day, which deed was recorded in the clerk's office of Erie county on the 5th day of April, 1887. Such deed, among other things, recited in substance that default was made in the payment of taxes levied upon the premises in question prior to the year 1876, and that such taxes had remained unpaid for two years from the 1st day of May following; that the Comptroller, after due notices for that purpose were published and given according to law, and after compliance with all the provisions of law by him to be performed, did sell at public auction at the capitol, in the city of Albany, in the month of November, in the year 1881, so much of each of the parcels of land so as aforesaid charged and remaining unpaid as was necessary to satisfy and discharge the said taxes and the interest and charges due thereon at the time of the sale, and that said party of the second part (the people of the state) became entitled, by transfer, under the provisions of section 48, c. 427, p. 790, of the Laws of 1855, as amended, etc., to the mortgaged premises, which are then described; that said pieces or parcels of land therein described were sold by the said Comptroller at the said sale under and by virtue of the said act; and that "the said pieces or parcels of land [including the premises in question] so as aforesaid sold and hereby intended to be conveyed have not been redeemed within the time prescribed by law for the redemption thereof." Then follows the clause conveying to the people of the state of New York, among others, the premises in question, with the hereditaments and appurtenances to the same belonging. It also appears by the certificate of the State Engineer and Surveyor that Barbara Schuster, pursuant to a resolution of the Commissioners of the Land Office, passed the 17th of November, 1887, did on the 8th day of February, 1888, purchase all the interest of the people of the state of New York in the premises in question, paying $508 thereon; there remaining due the sum of $500, to be paid in the manner required by law. It also appears without contradiction that, upon the execution of such certificate by the State Engineer and Surveyor, Barbara Schuster, with her husband and family, entered into the possession of the mortgaged premises; that she remained so in possession until her death, after which her husband and children have ever since continued in such possession. It nowhere appears that Barbara Schuster or her representatives obtained a conveyance of the premises in question from the state, or that the balance of $500 of the purchase price was ever paid by her or them. Neither does the contrary appear, except as to the deed, although allusion is made to the nonpayment of the balance of the purchase price in the briefs of counsel and by the learned trial court. We, however, deem that fact of no importance, and, for the purposes of this appeal, shall as-

sume that the balance of the purchase price ($500) agreed to be paid by Barbara Schuster was not paid by her or by her representatives.

We think that prima facie the deed from the Comptroller to the people of the state vested in the state the title to the premises in question, and that, if there were any facts or circumstances which rendered such deed void, it was incumbent upon the plaintiff to prove such facts or circumstances; that, as the record stands, not only all the rights of the plaintiff under its mortgage, but all the rights and interests of the mortgagor and his grantees, became vested in the state by virtue of the deed from the Comptroller, and, that being so, the plaintiff in this action is not entitled to question the title or interest received from the state by Barbara Schuster, under whom the appellants claim. The people of the state of New York, in whom the learned trial court evidently assumed by his rulings the title of the premises in question was, are not made a party to this action, and it appears that the state assumed to sell whatever interest it had in the premises to Barbara Schuster. We think it is not competent for the plaintiff in this action to urge that the defendants Schuster have not fulfilled their obligations to the state, and therefore that the plaintiff is entitled to any advantage which may result from such failure on their part. It is hardly necessary to cite authorities to show the correctness of the appellants' contention. The title of the state, their grantor, was perfect, so far as appears by the recitals in the deed to it. It was such as to destroy the lien of the mortgage upon the premises in question. It was such as to cut off any interest that the mortgagor or his grantees had in or to such premises. In short, the absolute title in the same vested absolutely in the state; and the plaintiff, under such circumstances, cannot be heard to say that the title or interest which the state purported to convey or give to Barbara Schuster, under whom the appellants claim, was not valid, because she or her representatives did not fully discharge their obligations to the state, their grantor.

We are led to conclude that the complaint should have been dismissed, as to the appellants, with costs, and that the judgment appealed from should be modified so as to provide that the rights or interests of the defendants Schuster are not affected by the decree in this action, but that as to them the judgment is reversed and the complaint dismissed, with costs. All concur, except HISCOCK, J., not voting.

Judgment as to defendants Schuster reversed, and complaint dismissed as to them, with separate bills of costs to each of said defendants answering separately, upon questions of law only; the facts having been examined, and no error found therein.